**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**TIMOTHY LAMONT RUFF,**

**Plaintiff,**

**v.**                                                         **Civil Action No. 1:17cv148**
                                                              **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

**Defendant.**

## REPORT AND RECOMMENDATION

### I.  Introduction

On August 25, 2017, the *pro se* Plaintiff, an inmate at FCI Manchester, in Manchester, Kentucky, initiated this action by filing a complaint under the Federal Tort Claims Act ("FTCA") on a <u>Bivens</u> form civil rights complaint. ECF No. 1. By Order entered August 28, 2017, the Clerk was directed to change the nature of suit and cause of action, issue a deficiency notice, and send Plaintiff a copy of a FTCA complaint to complete and file his FTCA claims. In that same Order, Plaintiff was directed to file a copy of his Administrative Tort Claim denial letter within twenty-one days, or risk dismissal of his case. ECF No. 6. By separate Order entered August 28, 2017, Plaintiff was granted permission to proceed as a pauper and directed to pay an initial partial filing fee ("IPFF"). ECF No. 8. Plaintiff refiled his claims on the court-approved FTCA form on September 8, 2017. ECF No. 11. By Order entered September 11, 2017, Plaintiff was specifically instructed to re-file a fully-completed form FTCA complaint, in compliance with the Local Rule of Prisoner Litigation Procedure ("LR PL P"). ECF No. 12. On September 21, 2017, Plaintiff filed another nearly-blank court-approved form complaint.  ECF No. 14.  On September 25, 2017, Plaintiff paid his IPFF.  ECF No. 16.  By Order entered September 25,

2017, Plaintiff was directed to show cause why his complaint should not be dismissed for failure to prosecute for the filing of a third nearly-blank court approved form complaint; the Clerk was directed to send him another copy and he was again directed to complete it and file it, along with a copy of his administrative tort claim denial letter. ECF No. 17. On October 10, 2017, Plaintiff finally filed a completed court-approved form complaint. ECF No. 19. By Order entered October 24, 2017, Plaintiff was again directed to show cause why his case should not be dismissed, and was redirected to produce a copy of his administrative tort claim denial letter. ECF No. 20. On November 3, 2017, Plaintiff filed a response to the show cause Order, attaching a copy of the DOJ's October 20, 2017 denial letter. ECF No. 22 & ECF No. 22-1. By Order entered November 27, 2017, the Clerk was directed to correct the name of the defendant on the docket and to re-docket the attachments to the original complaint to Plaintiff's final court-approved form complaint. ECF No. 23.

This matter is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 2, and 28 U.S.C. §§ 1915.

## II. The Complaint

The Plaintiff alleges that on September 6, 2016, he was transferred to the Special Housing Unit ("SHU") at FCI Gilmer in Glenville, West Virginia, and remained there until November 15, 2016, when he was transferred out. Plaintiff alleges he inquired about his property twice prior to the transfer from FCI Gilmer, but each time, was told there was no time to view it, and finally, he was told he would see it when he arrived at his new facility. ECF No. 19-1. When he arrived at FCI Manchester, and asked for his property, a photo album with pictures of family and other personal effects were missing. He filed an administrative tort claim, seeking $474.30 to cover the loss of the items and the cost of his filing fee. ECF No. 19-4. However, he

contends that "[a]fter being disrespected for not honoring my tort claim and failure to find my photo album . . . the $474.30 isn't what I want.  I want [$]1,000,000.00 plus the filing fee of $350.00." ECF No. 19-1 at 1.

Per the DOJ's October 20, 2017 administrative claim denial letter, Plaintiff's claim was amended from $479.30 to $900, for the loss of his prayer oils, Nike tennis shoes, radio, sweatpants, two watches, Timberland boots, two pair of Koss headphones, two sweatshirts, a headband, a grey towel, 3 pairs of socks, a razor, a thermal top, clogs, commissary items, and the missing photos. ECF No. 22-1 at 1.

### III.  Standard of Review

Because Plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious.  Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  However, the Court must read *pro se* allegations in a liberal fashion.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  A complaint which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous.  See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless."  Denton v.

---

[1] Id. at 327.

<u>Hernandez</u>, 504 U.S. 25, 32 (1992).  This includes claims in which the plaintiff has little or no chance of success.  See <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976).

## IV. <u>Analyis</u>

The Federal Tort Claims Act (FTCA) is a comprehensive legislative scheme through which the United States has waived its sovereign immunity to allow civil suits for actions arising out of negligent acts of agents of the United States.  The United States cannot be sued in a tort action unless it is clear that Congress has waived the government's sovereign immunity and authorized suit under the FTCA.  <u>Dalehite v. United States</u>, 346 U.S. 15, 30-31 (1953). The provisions of the FTCA are found in Title 28 of the United States Code.  28 U.S.C. § 1346(b), § 1402(b), § 2401(b), and §§ 2671-2680. Pursuant to the FTCA, the United States is liable in the same manner and to the same extent as a private individual under like circumstances in accordance with the law of the place where the act or omission occurred. 28 U.S.C. §§ 2674 & 1346(b)(1); <u>Medina v. United States</u>, 259 F.3d 220, 223 (4th Cir. 2001).

The FTCA includes specific enumerated exceptions in 28 U.S.C. § 2680. If an exception applies, the United States may not be sued, and litigation based upon an exempt claim is at an end. <u>Smith v. United States</u>, 507 U.S. 197 (1993); <u>Dalehite</u>, *supra*.

Section 2680(c) of the FTCA expressly preserves sovereign immunity for "[a]ny claim arising in respect of...the detention of any goods, merchandise, or other property by any officer or customs or excise **or any other law enforcement officer**." 28 U.S.C. § 2680(a) (2006)(emphasis added).  In 2006, the United States Court of Appeals for the Fourth Circuit joined a minority of courts in holding that the phrase "any other law enforcement officer" does not confer sovereign immunity upon Bureau correctional officers moving inmates' property

because such officers are not acting in a tax or customs capacity.  Andres v. United States, 441 F.3d 220, 227 (4th Cir. 2006).  However, in 2008, the United States Supreme Court determined that this exception does preserve sovereign immunity for torts committed by all federal law enforcement officers, specifically including officers employed by the Federal Bureau of Prisons.  Ali v. Fed. Bureau of Prisons, 552 U.S. 214 (2008).[2]

In Ali, the Supreme Court did not address the specific types of BOP action that may or may not constitute a "detention" of property under § 2680(c). However, in the years since Ali was decided, several district courts in the Fourth Circuit have applied Ali and § 2680(c) to facts similar to those presented in the instant case. See Barrett v. United States, 2014 WL 4084187, at *1-2 (N.D. W. Va. Aug. 19, 2014) (dismissing a complaint wherein a plaintiff alleged that a correctional officer was liable for failing to secure the plaintiff's property in his cell after escorting the plaintiff and his cell mate to the correctional officer's office); aff'd per curiam, 585 F. App'x 49 4th Cir. 2014); Perkins v. Deboo, 2009 WL 1650443, at * 1 (N.D. W.Va. June 11, 2009) (dismissing a plaintiff's claim regarding property that was actually lost or stolen during the plaintiff's transfer from one correctional institution to another); Mathis v. United States, 2008 WL 2922798, at *1 (D.S.C. July 24, 2008) (granting a motion to dismiss a claim involving property that was allegedly lost during a transfer); Dillard v. United States, 2016 WL 3546364 (N.D. W.Va. June 22, 2016) (dismissing  for lack of subject matter jurisdiction a claim that prisoner's personal property was misplaced during a cell transfer); and Branch-El v. Carrillo, 2015 WL 12964661 (E.D.N.C. Dec 7, 2015), aff'd Branch v Carrillo, 651 Fed. Appx. 215 (4th

---

[2] In Ali, the petitioner, a federal prisoner, was transferred from the USP in Atlanta, Georgia to the USP Big Sandy in Inez, Kentucky.  Before being transferred, he left two duffle bags containing his personal property in the Atlanta prison's Receiving and Discharge Unit to be inventoried, packaged, and shipped to USP Big Sandy.  When his bags arrived, several items were missing, and he pursued a claim under the FTCA.

Cir. 2016), *cert. denied* Branch v. Carrillo, __ U.S. __, 137 S.Ct. 821 (2017) (dismissing as frivolous and for failure to state a claim an FTCA action alleging that a guard intentionally disposed of plaintiff's dental bridge, glasses, radio, and head phones). Accordingly, upon consideration of the circumstances presented in this case, the undersigned concludes that the Plaintiff's complaint should be dismissed.

In addition, the undersigned notes that the BOP "accepted and considered [Plaintiff's claim] for administrative settlement under 31 U.S.C. § 3723." ECF No. 22-1. This section of the Code  provides that the "head of an agency . . . may settle a claim for not more than $1000 for damage to, or loss of, privately owned property that . . .  is caused by the negligence of an officer or employee of the United States Government acting with the scope of employment . . . " 31 U.S.C. § 3723(a). This statute is part of the Military Personnel and Civilian Employees' Claim Act ("MPCECA"), and courts have long held that the statute was written in such a way as to make the agency's determination of claims final and conclusive, with no provision for review by the federal courts. See Merrifield v. United States, 14 Cl. Ct. 180, 183-84 (1988); See also Cook v. United States, 2012 WL 384887, at *3 (D.S.C. Jan. 6, 2012) (personal property claims against the BOP are governed by 31 U.S.C. § 3723 and the government's decisions regarding these claims are not subject to judicial review) (citing Merrifield and 31 U.S.C. § 3721(k)); Oriakhi v. United States, 2009 WL 1066109, at *1 (D.N.J. April 20, 2009) (same).

## V.  Recommendation

In consideration of the foregoing, it is the undersigned's recommendation that the Plaintiff's complaint be **DISMISSED with prejudice** for the failure to state a claim upon which relief can be granted.

6

**Within fourteen (14) days** after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985) Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

Dated: December 5, 2017

/s/ *Michael J. Aloi*
MICHAEL J. ALOI
UNITED STATES MAGISTRATE JUDGE

7