```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**TIMOTHY LAMONT RUFF,**

      **Plaintiff,**

**v.**                    **//   CIVIL ACTION NO. 1:17CV148**
                                             (Judge Keeley)

**UNITED STATES OF AMERICA,**

      **Defendant.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 25],
OVERRULING PLAINTIFF'S OBJECTION [DKT. NO. 27], AND
DISMISSING THE COMPLAINT WITH PREJUDICE [DKT. NO. 1]**

**I.**

On August 25, 2017, the pro se plaintiff, Timothy Lamont Ruff ("Ruff"), filed a complaint pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq., alleging that, while incarcerated in the Special Housing Unit ("SHU") at FCI Gilmer, his personal property was lost or misplaced (Dkt. No. 1).[1] According to Ruff, certain Bureau of Prisons ("BOP") officers failed to secure the property in his cell after transferring him to the SHU on September 2, 2016 (Dkt. No. 19 at 6-7). He seeks $1,000,000 in damages for the loss of his property and $350 for the cost of his filing fee (Dkt. Nos. 19 at 8; 19-1 at 1). Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred this matter to the Honorable Michael J. Aloi, United States Magistrate Judge, for initial review and a report and recommendation ("R&R").

---

[1] On October 10, 2017, Ruff filed his complaint on the court-approved form (Dkt. No. 19).

**RUFF V. USA**                                                    **1:17CV148**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 25],
OVERRULING PLAINTIFF'S OBJECTION [DKT. NO. 27], AND
DISMISSING THE COMPLAINT WITH PREJUDICE [DKT. NO. 1]**

Magistrate Judge Aloi's R&R recommended that the Court dismiss Ruff's complaint with prejudice for failure to state a claim, because § 2680(c) of the FTCA expressly bars, through sovereign immunity, "[a]ny claim arising in respect of . . . the detention of any goods, merchandise, or other property" by federal law enforcement officers, including BOP employees. Id. at 4-5 (citing Ali v. Federal Bureau of Prisons, 552 U.S. 214 (2008); Barrett v. United States, No. 5:14CV10, 2014 WL 4084187, at *1-2 (N.D.W. Va. Aug. 19, 2014), aff'd, 585 F. App'x 49 (4th Cir. 2014)).

The R&R also informed Ruff of his right to file "written objections identifying those portions of the recommendation to which objections are made, and the basis for such objections." Id. at 7. It further warned him that the failure to do so may result in waiver of his right to appeal. Id. Ruff timely filed his "Objection to the Report and Recommendation" (Dkt. No. 27).

**II.**

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection is timely made. 28 U.S.C. § 636(b)(1)(C). On the other hand, "the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object." Dellacirprete v. Gutierrez,

**RUFF V. USA**                                                    **1:17CV148**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 25],
OVERRULING PLAINTIFF'S OBJECTION [DKT. NO. 27], AND
DISMISSING THE COMPLAINT WITH PREJUDICE [DKT. NO. 1]**

479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold those portions of a recommendation to which no objection has been made unless they are "clearly erroneous." See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Vague objections to an R&R distract a district court from "focusing on disputed issues" and defeat the purpose of an initial screening by the magistrate judge. McPherson v. Astrue, 605 F. Supp. 2d 744, 749 (S.D.W. Va. 2009) (citing Howard's Yellow Cabs, Inc. v. United States, 987 F. Supp. 469, 474 (W.D.N.C. 1997)). Failure to raise specific errors waives the claimant's right to a de novo review because "general and conclusory" objections do not warrant such review. Id. (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Howard's Yellow Cabs, 987 F. Supp. at 474); see also Green v. Rubenstein, 644 F. Supp. 2d 723 (S.D.W. Va. 2009). Indeed, failure to file specific objections waives appellate review of both factual and legal questions. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984); see also Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991).

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 25], OVERRULING PLAINTIFF'S OBJECTION [DKT. NO. 27], AND DISMISSING THE COMPLAINT WITH PREJUDICE [DKT. NO. 1]**

### III.

In his two-page "Objection to the Report and Recommendation," Ruff fails to identify a specific error in the R&R. At most, he reiterates the nature of his claim and the amount of damages he seeks (Dkt. No. 27 at 1-2). Ruff's failure to identify specific errors in Magistrate Judge Aloi's findings places the Court under no obligation to conduct a <u>de novo</u> review. <u>Diamond</u>, 313 F.3d at 315. Therefore, upon review of the R&R and the record for clear error, the Court **ADOPTS** the R&R (Dkt. No. 25), **OVERRULES** Ruff's objection (Dkt. No. 27), and **DISMISSES** the complaint **WITH PREJUDICE** (Dkt. No. 1).

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this Order to the <u>pro se</u> plaintiff, certified mail and return receipt requested. The Clerk is further directed to enter a separate judgment order and to strike this case from the Court's active docket.

DATED: June 14, 2018.

/s/ Irene M. Keeley<br>
IRENE M. KEELEY<br>
UNITED STATES DISTRICT JUDGE